**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____ x

**JOHN W. KARCZ**

Plaintiff,

-against-

**The City of North Tonawanda, New York,**
**The City of North Tonawanda Police Department,**
**The County of Erie, New York,**
**The Erie County District Attorney's Office,**
**North Tonawanda Police Detective Larry Kuebler, Jr.,**
**North Tonawanda Police Officer Greg Benjamin,**
**North Tonawanda Police Officer Lee Bolslover,**
**North Tonawanda Police Officer Thomas Krantz,**
**North Tonawanda Police Officer Chris Mamot,**
**North Tonawanda Police Officer Jeffrey Swick,**
**North Tonawanda Police Officer Frank Burkhart,**
**North Tonawanda Police Lieutenant Nick Iwanicki,**
**Erie County District Attorney John J. Flynn,**
**Erie County Assistant District Attorney Brian P. McNamara**

Defendants.

_____ x

Civil Action No.

CIVIL COMPLAINT

JURY TRIAL REQUESTED

20    CV1045

Plaintiff JOHN W. KARCZ, for and on behalf of himself;

Hereby brings this action under Title 42 U.S.C. §1983 to redress his civil and legal rights, and

alleges as follows:

PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, JOHN W. KARCZ, seeks

relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42

U.S.C. 1983, by the United States Constitution, including its First, Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York. Plaintiff seeks

compensatory and punitive damages, an award of costs, interest and attorney's fees, and such

other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §1983, and the First,

Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon

this Court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the

Plaintiffs' constitutional and civil rights.

3.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims

in this action within the original jurisdiction of this court that they form part of the same case or

controversy.

4.      Venue in this District is proper under 28 U.S.C. 13910 (b) and (c) in that Defendants

the CITY OF NORTH TONAWANDA, New York, and the COUNTY OF ERIE, N.Y., are

administratively located within the Western District of New York, and the events giving rise to this

claim occurred within the boundaries of the Western District of New York.

## JURY TRIAL DEMANDED

5.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6.     At all times relevant to this action, Plaintiff JOHN W. KARCZ, alternately referenced herein as "the Plaintiff," was a resident of Niagara County, New York, and was at all times relevant herein residing at 357 Daniel Drive, in the CITY OF NORTH TONAWANDA, New York, 14120.

7.     Defendant the CITY OF NORTH TONAWANDA is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant the CITY OF NORTH TONAWANDA assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant the CITY OF NORTH TONAWANDA was at all times relevant herein the public employer of Defendants Chief of Police Roger ZGOLAK, North Tonawanda Police Officer Hagop OTABACHIAN, North Tonawanda Police Officer Michael LONCAR, and North Tonawanda Police Lieutenant Nick IWANICKI.

8.     Defendants ZGOLAK, OTABACHIAN, LONCAR, and IWANICKI are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the North Tonawanda Police Department ("NTPD"), a municipal agency of Defendant the CITY OF NORTH TONAWANDA, New York. At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the North Tonawanda Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant the CITY OF NORTH TONAWANDA, New York, were acting for, and on behalf of, and with the power and authority

vested in them by the CITY OF NORTH TONAWANDA, New York and the North Tonawanda

Police Department, and were otherwise performing and engaging in conduct incidental to the

performance of their lawful functions in the course of their duties. They are sued individually and in

their official capacity.

9.      By the conduct, acts, and omissions complained of herein, Defendants

ZGOLAK, OTABACHIAN, LONCAR, and IWANICKI violated clearly established constitutional

standards under the First and Fourteenth Amendments to the United States Constitution of which a

reasonable police officer under the circumstances would have known.

<u>NOTICE OF CLAIM</u>

10.     On August 4, 2019, Plaintiff timely filed a Notice of Claim with the GMU § 53

Designee of the CITY OF NORTH TONAWANDA and ERIE COUNTIES, setting forth the facts

underlying Plaintiff's claim against The County of Erie, New York, The Erie County District

Attorney's Office, The City of North Tonawanda, New York, The City of North Tonawanda Police

Department, Erie County District Attorney John J. Flynn, Erie County Assistant District Attorney

Brian P. McNamara, and North Tonawanda Police Officer Thomas Krantz.

11.     On August 3, 2018, Plaintiff timely filed a Notice of Claim with the GMU § 53

Designee of the City of North Tonawanda setting forth the facts underlying Plaintiff's claim against

The City of North Tonawanda, New York, The City of North Tonawanda Police Department, The

City of North Tonawanda City Attorney's Office, North Tonawanda Judge Shawn P. Nickerson,

North Tonawanda Chief of Police Roger Zgolak, North Tonawanda City Attorney Luke Brown,

North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg

Benjamin, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey

COMPLAINT

Swick, North Tonawanda Police Officer Frank Burkhart, and North Tonawanda Police Lieutenant Nick Iwanicki, for the events leading up to and relating back to the current civil action.

12.     As the actions of Defendants, The Erie County District Attorney's Office, The City of North Tonawanda, New York, The City of North Tonawanda Police Department, Erie County District Attorney John J. Flynn, Erie County Assistant District Attorney Brian P. McNamara, and North Tonawanda Police Officer Thomas Krantz caused this matter to be intentionally protracted for an additional 13 months the Plaintiff asks the court to accept that filing of notice tolled, and only having reached ripeness for suit upon the final of three dismissals of criminal charges in the Plaintiff's favor.

13.     Accepting the July 3, 2018, Notice of Claim as tolled until the current date of accrual, May 7, 2019, will not prejudice those Defendants in any way; as their attorneys, Kevin Cope and Ted Graney accepted service of the Notice, sent letters, and had several conversations about this matter with the Defendants and Plaintiff at that time. In fact, Graney suggested these issues be tolled pending the outcome of the pending (false) criminal charges.

14.     As stated previously, all charges were dismissed in favor of the accused on or about May 7, 2019.

15.     The City of North Tonawanda assigned a file number to Plaintiff's claims, and their attorneys, Ted Graney and Kevin Cope, have sent letters which acknowledged service of the Plaintiff's Notice of Claims.

16.     The County of Erie assigned a file number to Plaintiff's claims, and their attorney, Ken Kirby, has sent letters which acknowledged service of the Plaintiff's Notice of Claims.

17.     Plaintiff engaged in discussion with attorneys for the North Tonawanda and Erie County during which a fair settlement was offered to avoid protracted litigation.

18.     To date, no answer has been received by Plaintiff and no compensation has been offered by Defendants the CITY OF NORTH TONAWANDA or COUNTY OF ERIE, N.Y., in response to this claim.

19.     This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

STATEMENT OF FACTS

Background

20.     On or about June 29th, 2015, Defendant Larry Kuebler moved into a vacant, foreclosed home next door to the Plaintiff's.

21.     Public Records show Kuebler was unable to afford the home, but was able to finance the house in his father's name on August 21, 2015.

22.     Upon information and belief, Kuebler's friend and colleague, Defendant Tom Krantz caused a "Press Release" to be created, which allowed Kuebler to approach the foreclosing mortgage company with as many 14 different articles and print-outs about a cannabis cultivation arrest made to appear as if an armed felon was dealing drugs in the home next door.

6

COMPLAINT

23.     This conspiracy to manipulate the Bank caused a "short sale" to Kuebler's father which resulted in an immediate equity profit of over $50,000.00 to Kuebler due to the libel.

24.     In the first days July of 2015, Defendant Kuebler was observed at approximately 12:00 a.m. staring into the Karcz family's bedroom window while driving a police vehicle. The Plaintiffs had never seen Mr. Kuebler before.

25.     Several days later, Defendant Kuebler approached Mr. Karcz on his property at 357 Daniel Drive, North Tonawanda, New York, and made the following alarming statements: "I'm a North Tonawanda police officer who is moving in next door to you, and I know all about you and what went on here." and "I understand that you have something against police officers and your wife turned (Police Officer) Jeff Shiesley in for insurance fraud."

26.     In or around early November 2016, Defendant purchased 2 pit-bull mix dogs and placed them on his property at 367 Daniel Drive, North Tonawanda, New York.

27.     Defendant did not erect a fence between his property and the Plaintiffs' properties and put the dogs in his backyard, as a result the dogs entered the Plaintiffs' properties. This is a violation of the **City of North Tonawanda Codified Ordinance Chapter 33, § 33-2 (Prohibitions)** Which states: **"It shall be unlawful for any owner of a dog in the City of North Tonawanda to permit or allow such dog to: A. Run at large or B. Be off the owner's property unless leashed by a chain or leash not exceeding six feet in length and in charge of and under the control of a competent person."**

28.     Defendant's dogs entered and trespassed on the Plaintiffs' properties both on Daniel Drive and Fredericka Street several times. This is a violation of the **City of North Tonawanda Codified Ordinance Chapter 33, § 33-2 (Prohibitions)** Which states: **"It shall be unlawful for any owner of a dog in the City of North Tonawanda to permit or allow such dog to: A. Run at large or B. Be off the owner's property unless leashed by a chain or leash not exceeding six feet in length and in charge of and under the control of a competent person."**

29.     As a result of this danger, the Plaintiff made a complaint and Kuebler was charged in North Tonawanda City Court under the City of North Tonawanda Codified Ordinance Chapter 33, § 33-2 on or about January 24, 2017.

30.     On or about January 26, 2017, Kuebler and Tom Krantz conspired to have a warrant produced by Katherine Alexander, an appointed judge who a few days earlier was answering telephones in the City Attorney's Office.

31.     In his complaint, Kuebler claimed that he'd been called a "pussy" by the Plaintiff from about 20 feet away, while they were in their respective yards.

32.     On January 26, 2017, Kuebler's friends and co-workers, Defendants Benjamin and Bolsover, falsely arrest plaintiff with a warrant for harassment of Kuebler.

33.     The warrant alleges false incident on a date when Plaintiff proves he was 400 miles away.

34.   On January 27, 2017 Defendant Nickerson issues " temporary order of protection" for Police Officer Kuebler without *good cause hearing* as required by law in all matters except Domestic Violence.

35.   On February 18, 2017 Nickerson recuses from all matters regarding Mr. Karcz.

36.   On February 22, 2017, Nickerson recuses the entire North Tonawanda City Court.

**37.   On November 14, 2017, the Non-criminal allegation of harassment in the 2nd degree was terminated in the Plaintiff's favor.**

<u>MAY 12, 2018</u>

38.   On or about May 12th, 2018 at about 5:47 p.m. at 357 Daniel Drive, North Tonawanda, New York, 14120, Kuebler, without provocation, angrily rushed towards me at 5:28 p.m., screaming and waving a broomstick at me while I was 60 feet away, in my own driveway, speaking with my wife. I went in the house and cooked my family dinner.

39.   On or about May 12th, 2018 at about 6:47 p.m. at 357 Daniel Drive, North Tonawanda, New York, 14120, Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, in conspiracy with, and at the direction of North Tonawanda Police Detective Larry Kuebler, Jr. and North Tonawanda Police Lieutenant Nick Iwanicki, accosted me at my home and claimed that Kuebler had been called a "pussy" by the Plaintiff from about 60 feet away, while we were in our respective yards.

40.   Kuebler also claimed that I had "stomped my foot at him," also from 60 feet away.

41.   Kuebler also claimed that I was enjoined by an order of protection from being at my own home.

42.   No order of protection was produced, but Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, in conspiracy with, and at the direction of North Tonawanda Police Detective Larry Kuebler, Jr. and North Tonawanda Police Lieutenant Nick Iwanicki, committed false arrest; charging me with criminal contempt in the 1st Degree, a felony.

43.   On or about May 12th, 2018 at about 6:51 p.m. at 357 Daniel Drive, North Tonawanda, New York, 14120, when defendant North Tonawanda Police Officer Frank Burkhart, assaulted me by wrenching my surgically repaired right arm behind my back without cause, intentionally caused me psychological and physical injury in addition to emotional distress.

44.   When I asked Officer Swick and Burkhart why I was being falsely arrested for, Burkhart said: "*whatever you did over there, we were just told to bring you in by our lieutenant,*" indicating orders from Iwanicki.

45.   On or about May 12th, 2018 at about 6:54 p.m. in the, North Tonawanda, New York, 14120, when defendants North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, refused to read my Miranda rights in violation of my rights accorded by the

5th and 14th Constitutional Amendments, Rights, and Privileges, and thereafter attempted to question me under duress of false arrest.

46.     On or about May 12th, 2018 at about 7:00 p.m. at 216 Payne Avenue, North Tonawanda, New York, 14120,  when defendants North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, intentionally caused me physical injury by wrenching my right shoulder, arm, and back; causing bruising, as well as twisting my previously injured left foot and ankle without cause, and a competent police officer would have been on notice that it is unreasonable to forcibly assault a citizen.

47.     I was refused bail, stripped of my shoes, and made to stand in a concrete cell for the next 14 hours, without being charged with a crime.

48.     On or about May 12th  beginning at about 7:20 p.m. and continued into May 13th, 2018, at approximately 1:00 p.m. at 216 Payne Avenue, North Tonawanda, New York, 14120, when defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, in conspiracy with and at the direction of North Tonawanda Police Detective Larry Kuebler, Jr. and North Tonawanda Police Lieutenant Nick Iwanicki, and several other un-named North Tonawanda police officers intentionally caused me psychological and physical injury in addition to emotional distress, by refusing me medical care, reasonable accommodations, and detaining me, after taking my safe and harmless sandals, which caused me to suffer greater injury or indignity in that process than other arrestees, all of which any competent police officer would have been on notice that it is unreasonable to do so, by forcing me to stand, with injured feet on a filthy,

concrete floor in a 4 foot by 7 foot cell filled with urine, sputum, blood, and several other unidentifiable forms of debris and filth; any competent police officer would have been on notice that it is unreasonable to forcibly detain and a disabled citizen without reasonable and clean facilities. These acts were committed in violation of my rights under the 1st, 4th, 5th, 6th, 8th, 9th, and 14th Constitutional Amendments.

49.     On or about May 12th beginning at about 7:00 p.m. and continued into May 13th, 2018, at approximately 1:00 p.m. at 216 Payne Avenue, North Tonawanda, New York, 14120, when defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, in conspiracy with and at the direction of North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Lieutenant Nick Iwanicki, several other un-named North Tonawanda police officers, and North Tonawanda City Court Judge Shawn Nickerson, intentionally caused me psychological and physical injury in addition to emotional distress, by refusing me medical care, reasonable accommodations, the accommodations were completely covered with dried bodily fluid and filth; the toilet was filled with bodily waste and did not work; the sitting bench smelled like urine and vomit; and despite the cracked and damaged windows I was not allowed sufficient blanket to stay warm, or in any way rest due to both my injuries at the hands of the police as aforesaid, and my permanent disabilities; most maliciously, I was intentionally imprisoned for over 18 hours in this filthy "closet-sized" cell with no running water! Any competent police officer would have been on notice that it is unreasonable to forcibly detain and a disabled citizen without reasonable and clean facilities deprived of working water, but this wasn't simple detention, it was

revenge for my previously filed federal lawsuit against the North Tonawanda Police Department under 42 U.S.C. § 1983.

50.     These acts were likewise intentionally committed in violation of the 1st, 4th, 5th, 6th, 8th, 9th, and 14th Constitutional Amendments.

51.     In so doing, Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Chris Marmot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, in conspiracy with, and at the direction of North Tonawanda Police Detective Larry Kuebler, Jr. and North Tonawanda Police Lieutenant Nick Iwanicki intentionally caused me psychological and physical injury, in addition to emotional distress by unlawfully entering my curtilage and homestall to commit unlawful acts in violation of my rights under the 1st, 4th, 5th, 6th, 8th,  9th, and 14th Constitutional Amendments.

52.     I was held without bail through Sunday, and unlawfully arraigned for Criminal Contempt in the First Degree by Defendant Nickerson for "lunging at Kuebler *as if (I) were going to run at him...,*" according to the felony complaint, a document facially insufficient and devoid of probable cause.

53.     Because of our previous relationship where, as City Attorney, Nickerson was sued by me and another party in semi-related lawsuit, Nickerson should have recused himself from any finding of probable cause, as a neutral jurist would have been forced to given the scant nature of the charge and lack of any order of protection to support it.

54.     Ultimately, Nickerson never had a finding of *Probable Cause,* at which time my warrantless arrest clearly came to be in violation of my 4th Amendment Rights.

55.     Nickerson needlessly set a high "Cash Only" bail, in excess of New York's bail recommendations, which mandated that I remain unlawfully jailed for an additional one hundred and twenty-minutes until the cash was delivered and processed.

56.     The date when and the place where such claims arose was: On or about May 13th, 2018 beginning at about 11:30 a.m. at 216 Payne Avenue, North Tonawanda, New York, 14120, when defendant Shawn P. Nickerson, acting as City Court Judge committed and suborned unlawful acts in violation of the 1st, 4th, 5th, 6th, 8th,  9th, and 14th Constitutional Amendments; Deprivation of Constitutional Rights and Privileges, Intentional Infliction of Emotional Distress (also under Color of Law), 42 U.S.C. § 1983, §1985; Conspiracy to Deprive Persons of Equal Protections of the Law (also under Color of Law), by the commission of Negligence, False Imprisonment, Cruel and Unusual Punishment, willful, malicious, and retaliatory actions against me for naming him in a federal lawsuit in August 2016; in that despite having known me in a positive way for many years, being aware of my owning a home 7 blocks from his own which he visited on several occasions, and having negative information as to the character and veracity of North Tonawanda Police Detective Larry Kuebler, Jr., as well as having considered the insufficiency of the allegations against me, Nickerson, at the arraignment, refused to release me in my own recognizance.

57.     without considering my ability to pay set an unreasonably high bail, and when I could not pay, ordered that I be jailed until the excessive amount was extorted from me, and paid in violation of applicable sections of 28 U.S.C.  §§ 1391 (b) and (c), 18 U.S.C. § 666, 18 U.S.C. § 872,

and 18 U.S.C. § 880 for Extortion and Unlawful Conversion of Property; and 18 U.S.C. § 1962, Racketeering and Organized Crime. though presumed innocent, despite Supreme Court precedent, and despite the availability of less restrictive alternatives to traditional bail, I was jailed because of my inability to pay bail in violation of the United States and New York State Constitutions. Furthermore, the U.S. Supreme Court has held that no person may be imprisoned solely because of their indigence because doing so violates that individual's equal protection and due process rights. Nickerson did not explain why he thought the set bail amount was necessary to assure Karcz's future court appearance, particularly when Karcz has never missed an appearance. Nickerson did not consider alternative forms of bail or pretrial services or explain why such less restrictive alternatives would not adequately assure Mr. Karcz's return to court. A reasonable impartial jurist should know an individual's fundamental right to freedom be based solely on whether he has the money to purchase it (Bearden v Georgia, 461 US 660, 672-73 [1983]). This Supreme Court decision rests on the fundamental principle that there can be no equal justice under law if an individual's right to freedom turns on their ability to purchase it, therefore Judge Nickerson knowingly and intentionally committed retaliatory Extortion for no reason other than me for naming him in a federal lawsuit in August 2016.

58.    Nickerson ordered me to appear for a Felony Hearing on May 17th, 2018.

59.    I appeared for the Felony Hearing, but is told to leave the building thrice; after demanding due process, equal protection, and access to the courts from the judge, Alternate Judge Faso goes on the record and refuses to hold the hearing.

60.     I stated readiness for the Felony Hearing, inclusive of my witnesses being present; Faso conceded on the record that the District Attorney is present (Granchelli), but not prepared to hold such hearing, which, by law, required my immediate exoneration, and a dismissal of charges.

61.     I moved twice, both through oral motion and filed pleadings, for preliminary dismissal. Judge Faso, still in his third week on the bench, appeared baffled and incompetent; and refuses to act on the motions before the court, thereby violating my rights to due process.

62.     On or about May 17th, 2018 beginning at about 1:30 p.m. at 216 Payne Avenue, North Tonawanda, New York, 14120, when in violation of my 1st, 4th, 5th, 6th, 8th, 9th, and 14th Constitutional Rights (under Color of Law), as protected by 42 U.S.C. § 1983, §1985.

63.     Despite being scheduled for a Felony hearing, and having several witnesses in attendance, I was deliberately and maliciously interfered with by being refused access to the Courts of the City of North Tonawanda by (1.) the bailiffs at the security checkpoint; (2.) the Court clerks; (3.) I was then forcibly ejected through a backdoor by Tom Krantz and several North Tonawanda Police Officers who coerced me into coming into the Police Booking area; all to deliberately and maliciously interfere with and deny my right to seek adequate legal redress.

64.     This caused injury and emotional distress by not allowing me the opportunity to present witnesses with fresh and relevant recollections of the events causing my ineffably false arrest. This injury was intended to prevent my access to fundamental fairness and due process and unlawfully gives the prosecution unlawful opportunity to shore up a case based on lies, fantasy, and revenge.

COMPLAINT

65.     On or about May 17th, 2018 beginning at about 2:30 p.m. at 216 Payne Avenue, North Tonawanda, New York, 14120, when in violation of my 1st, 4th, 5th, 6th, 8th, 9th, and 14th Amendment Constitutional Rights (under Color of Law), when, with no standing or permission to do so, in light of the U.S. Supreme Court decision *in Liteky v. United States*; wherein it became decided that to warrant recusal, a judge's expression of an opinion about the merits of a case, or his familiarity with the facts or the parties, must have originated in a source outside the case itself; acting North Tonawanda City Court Judge James J. Faso, Jr. refused to conduct the Felony Hearing as required by law, as to whether there was reasonable cause to believe that I committed a felony, and to consider filed motions for dismissal upon insufficiency of the prosecution's pleadings and their being unprepared for the Felony Hearing; which entitled me to dismissal of the charges.

66.     In addition, I was denied my lawful and constitutionally- protected right to gain lawful insight into the weaknesses of the prosecution's case, and the opportunity to cross-examine key witnesses, most notably the arresting officer(s). This denied my right to enter this fundamental witness' recollection into the record. Later, at a probable cause hearing or trial, if the State's witness tried to offer testimony different from what was offered at the PH, after the prohibited coaching and practice by the ADA which has taken place throughout the history of my interactions with this city; and this in itself is an additional and separate cause for action pursuant to Title 28 U.S. Code § 1331.

67.     On or about May 18th, 2018 at about 4:40 p.m. at 357 Daniel Drive, North Tonawanda, New York, 14120, when defendant North Tonawanda Police Detective Larry Kuebler, Jr. unlawfully entered my curtilage and homestall to commit unlawful acts in violation of the 1st, 4th, 5th, 6th, 8th, 9th, and 14th Constitutional Amendments; Deprivation of Constitutional Rights and Privileges, Intentional Infliction of Emotional Distress (also under Color of Law), 42 U.S.C. § 1983, §1985;

Conspiracy to Deprive Persons of Equal Protections of the Law (also under Color of Law), by the commission of Defamation, Negligence, Invasion of Privacy, Assault, Harassment, willful, malicious, and retaliatory actions against me for naming him in a federal lawsuit in August 2016; by publicly, while intending to injure, physically threatened me with a dangerous weapon by coming into my side yard and looking in my Dining Room window, while appearing to be armed with a pistol, which caused me to reasonably expect and fear impending harm and significant injury.

68.    On or about May 20th, 2018 at about 12:44 a.m. at 357 Daniel Drive, North Tonawanda, New York, 14120, when defendant North Tonawanda Police Detective Larry Kuebler, Jr. unlawfully entered my curtilage and homestall to commit unlawful acts in violation of the 4th, 9th, and 14th Constitutional Amendments; Deprivation of Constitutional Rights and Privileges, Intentional Infliction of Emotional Distress (also under Color of Law), 42 U.S.C. § 1983, §1985; Conspiracy to Deprive Persons of Equal Protections of the Law (also under Color of Law), by the commission of Defamation, Negligence, Invasion of Privacy, Assault, Harassment, willful, malicious, and retaliatory actions against me for naming him in a federal lawsuit in August 2016; by publicly, while intending to injure, came out of his vehicle and yelled: "clean up my fucking sidewalk or I'm going to call you in," while waving a cell phone. This behavior caused me to reasonably expect impending harm and significant injury.

69.    On or about May 20th, 2018 at about 12:44 a.m. at 357 Daniel Drive, North Tonawanda, New York, 14120, when defendant North Tonawanda Police Detective Larry Kuebler, Jr. unlawfully entered my curtilage and homestall to commit unlawful acts in violation of the 4th, 9th, and 14th Constitutional Amendments; Deprivation of Constitutional Rights and Privileges, Intentional Infliction of Emotional Distress (also under Color of Law), 42 U.S.C. § 1983, §1985;

Conspiracy to Deprive Persons of Equal Protections of the Law (also under Color of Law), by the commission of Defamation, Negligence, Invasion of Privacy, Assault, Harassment, , willful, malicious, and retaliatory actions against me for naming him in a federal lawsuit in August 2016; by publicly, while intending to injure, came to within 10 feet of where I was seated on my porch, and threw his shoulders forward at me with an unidentified weapon in his hand, while stomping his foot before laughing, saying "coward" and walking away.

70.     The aforesaid injuries for which claim is hereby made arose in the following manner: In the instances as described heretofore, the claimant, John W. Karcz, Jr., suffered Intentional Infliction of Emotional Distress, Mental Anguish Psychological and Physical Injuries, due to the herein described outrageous and unlawful conduct, actions, inactions, and abuses of the defendants. By reasons of the foregoing, the claimant has been damaged and demands remuneration, monetary compensation, and judgment against the respondents/defendants herein, The City of North Tonawanda, New York, The City of North Tonawanda Police Department, North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, and North Tonawanda Police Lieutenant Nick Iwanicki.

71.     After 7 recusals, the matter finally was heard in Lockport City Court, and The validity of the arrest was argued, *Pro Se*.

72.     Your Plaintiff proved that while probable cause for arrest is not dependent on whether the suspect actually committed any crime, and "the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant*." Id. at 36, 99 S.Ct. 2627.,* But instead as precedential

decisions show us, *w*hat matters is whether, looking at the totality of the circumstances at the time of the arrest, "the objective facts available to the officers ... were sufficient to justify a reasonable belief that an offense was being committed." *United States v. Glasser, 750 F.2d 1197, 1206 (3d Cir.1984) (citing Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)).* The Court decided it was obvious that the officers involved only arrested your deponent in January 2017 as a favor to Kuebler.

73.    **On or about January 29, 2019, the allegation of Criminal Contempt in the 1st Degree was terminated in the Plaintiff's favor.**

74.    On or about February 4th, 2019, at various locations in North Tonawanda, Buffalo, and Lockport, New York, when defendant Brian P. McNamara under the supervision of John J. Flynn, and with the assistance of N.T.P.D. Officer Thomas Krantz, under employment to the City of North Tonawanda, began a vindictive and patently malicious prosecution campaign against this Plaintiff.

75.    Krantz and McNamara caused an intentionally spurious complaint to be produced under not only unlawful, but bizarre circumstances, where it was rejected as deficient in indicia of Probable Cause by the North Tonawanda City Court, which is entitled to consider such cause as a strict exercise in administrative duties, but was then signed in the judge's space by Krantz.

76.    Krantz evidently had appointed himself Judge, Prosecutor, and some sort of Policeman for the day at McNamara's request and in implicit unlawful conspiracy and knowledge therewith and thereof.

77.     McNamara then knowingly approached the Niagara County Court with the fraudulent complaint bearing several different and intentionally mystifying CR numbers and vindictively had charges filed in Lockport City Court once more over the same events dismissed on January 29, 2019.

78.     When McNamara was notified that I had hired the services of Attorney Steven Cohen, he immediately capitulated and asked the court to dismiss the charges he brought and admitted that no one on the prosecution team had ever possessed a copy of the alleged temporary order of protection I had supposedly violated, and could not produce one for the court.

79.     Thus, McNamara admitted that since early May 2018, this Plaintiff had been falsely arrested and held in jeopardy without any probable cause whatsoever than the perjury of Kuebler, Krantz, and himself.

80.     The very act of compelling my court attendance, requiring the travel of over 500 miles and 2 days lost wages, is in and of itself an ineffable violation of my 4th and 14th amendments protections against illegal search and seizure, no matter how brief, and had both McNamara and Kruntz not committed fraud against the courts to cause a vindictive search and seizure any reasonable and trained individual in their position would realize is unlawful, the Plaintiff herein would not have been damaged by not only the false arrest and illegal search and seizure, but Defamation, Negligence, Invasion of Privacy, Assault, Harassment, willful, malicious, and retaliatory actions against me, which caused me to reasonably be placed in fear of impending harm.

81.     **On or about May 7, 2019, the third false arrest, falsely and fraudulently alleging Criminal Contempt in the 2nd Degree was terminated in the Plaintiff's favor.**

## CAUSES OF ACTION

## FIRST CLAIM: EXCESSIVE FORCE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

82.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

83.    The conduct and actions of Defendants North Tonawanda Police Officer North Tonawanda Police Officer Frank Burkhart and North Tonawanda Police Lieutenant Nick IWANICKI acting in concert and under color of law, in authorizing, directing and/or causing physical injury by North Tonawanda Police Officer Frank Burkhart, on May 2018, wrenching his right shoulder, arm, and back; causing pain, stiffness, bruising, neural injuries to John W. Karcz, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C.§1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force, and was carried out at the request of, and in conspiracy with other law enforcement officers  for  retaliatory reasons.

84.    As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SECOND CLAIM: DENIAL OF MEDICAL CARE

DEPRIVATION OF RIGHTS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C.
§1983

85.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

86.    Members of the NTPD have an affirmative duty to seek medical attention persons who are injured in the course of being apprehended by the police.Defendants North Tonawanda Police Officer North Tonawanda Police Officer Chris Mamot,  North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, were in the immediate vicinity of Mr. Karcz when his left and right arms, face, right shoulder, and upper back were injured by North Tonawanda Police Officer Frank Burkhart, wrenching his right shoulder, arm, and back. Defendants North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, and North Tonawanda Police Lieutenant Nick Iwanicki, were aware that Mr. Karcz had been hit by injured by their actions, and were aware that Mr. Karcz was experiencing extreme physical pain as a result of North Tonawanda Police Officer Frank Burkhart's use of excessive and unnecessary force, but took no action to provide or request medical care for Mr. Karcz, disregarding the obvious risk to Plaintiff's health.

87.    The conduct and actions of Defendants North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, and North Tonawanda Police Lieutenant Nick Iwanicki, acting under color of law, in failing to request or obtain medical attention for John W. Karcz, was unreasonable, was done intentionally, willfully,

COMPLAINT

maliciously, with a deliberate indifference and/or with a reckless disregard for Plaintiff's serious

medical needs, and was designed to and did cause specific and serious physical and emotional pain

and suffering in violation of Plaintiff' s substantive due process rights as guaranteed under 42 U.S.C.

§1983, and the Fourteenth Amendment to the United States Constitution.

88.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and

emotional pain and suffering and was otherwise damaged and injured.


### THIRD CLAIM: DEPRIVATION OF FREE SPEECH AND EXPRESSION

DEPRIVATION OF RIGHTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS AND
42 U.S.C. §1983

89.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding

paragraph as if fully set forth herein.

90.     The above described conduct and actions of the individual defendants, The City of North

Tonawanda, New York, The City of North Tonawanda Police Department, The County of Erie, New

York, The Erie County District Attorney's Office,  North Tonawanda Police Detective Larry

Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee

Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris

Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank

Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, Erie County District Attorney John J.

Flynn, Erie County Assistant District Attorney Brian P. McNamara acting under  color of law,

deprived Plaintiff of his rights to free expression and association, was done due to Defendants'

personal animus and bias against the content of Plaintiff' s speech, and in retaliation against Plaintiff

24

COMPLAINT

s exercise of his constitutionally protected speech; was done to interfere with, and chill, the exercise of free speech and association, and was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. 1983, and the First and Fourteenth Amendments to the United States Constitution.

91.     As a result of the foregoing, Plaintiff suffered the injuries and damages set forth above.

FOURTH CLAIM: MUNICIPAL LIABILITY
FOR CONSTITUTIONAL VIOLATIONS

MONELL CLAIM AGAINST THE CITY OF NORTH TONAWANDA - 42 U.S.C. §1983

92.     Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

93.     The CITY OF NORTH TONAWANDA directly caused the constitutional violations suffered by Plaintiff and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant officers. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant CITY OF NORTH TONAWANDA.

94.     At all times relevant to this complaint Defendant CITY OF NORTH TONAWANDA, acting through the NTPD, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

95.     The false arrests described herein were part of four similar such false arrests in a two-year

period of the Plaintiff Mr. Karcz. All of those false arrests led to dismissal of charges in the

Plaintiff's favor.

96.     The events of described heretofore were part of an ongoing conspiracy to chill the Plaintiff

and other similarly situated individuals' constitutionally protected expression of free speech and

other protected expression.

97.     At all times relevant to this complaint, Defendant CITY OF NORTH TONAWANDA, acting

through its police department, and through the individual defendants, had policies, practices,

customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for

individuals' exercise of free expression and assembly. Upon information and belief, Defendant CITY

OF NORTH TONAWANDA planned and implemented a policy, practice, custom and usage of

controlling free speech, that was designed to and did preempt lawful activities by illegally detaining

persons engaged in protected First Amendment activity, using excessive force against persons

engaged in protected First Amendment activity, retaliating against witnesses to police misconduct,

and discouraging police officers from reporting the misconduct of other officers. In at least four

other instances involving Mr. Karcz, and many others similarly situated, The CITY OF NORTH

TONAWANDA consciously disregarded the illegality and unconstitutionality of said detentions, use

of force, and retaliation in order to punish and suppress peaceful expression and association with his

previously filed litigation against them. These policies, practices, customs, and usages were a direct

and proximate cause of the unconstitutional conduct alleged herein.

98.    The existence of these unconstitutional customs and policies, specifically as it relates to free speech, is evidenced by the countless repeated occurrences of similar wrongful conduct documented by the 4 false arrests of Mr. Karcz leading to summary dismissals in local court since 2017.

99.    The existence of these unconstitutional customs and policies, specifically as it relates to free speech, is evidenced by the countless repeated occurrences of similar wrongful conduct documented at in the City over the past year, most recently the illegal search and seizure at North Tonawanda City Hall on June 25th, 2019 of legless war hero Staff Seargent Timothy A. Payne who came to City Hall to engage in a discussion with the mayor. A conversation which involved the staff sergeant's free speech which the mayor was quoted as saying was "alarming," leading NTPD officers to VIOLENTLY take the wheelchair-bound veteran into physical custody. OVER MERE WORDS!

100.    The existence of these unconstitutional customs and policies, specifically as it relates to NTPD violence towards citizens, is evidenced by the countless repeated occurrences of similar wrongful conduct documented by the 4 false arrests of Mr. Karcz leading to summary dismissals in local court since 2017,  as well as numerous other civil rights cases filed in this Court against the CITY OF NORTH TONAWANDA over the past several years.

101.    The CITY OF NORTH TONAWANDA knew or should have known of the defendant officers' propensity to engage in misconduct of the type alleged herein. Upon information and belief, prior to May 19, 2019, the CITY OF NORTH TONAWANDA was aware of several complaints of police misconduct involving the use of excessive force and retaliatory use of force against citizens engaged in free speech by members of the NTPD. Despite its knowledge of such incidents of prior misconduct, the CITY OF NORTH TONAWANDA failed to take remedial action.

102.   It was the policy and/or custom of the CITY OF NORTH TONAWANDA to inadequately and improperly investigate citizen complaints of police officer misconduct, and acts of misconduct were instead tolerated by the CITY OF NORTH TONAWANDA, including, but not limited to, the incidents listed above.

103.   It was the policy and/or custom of the CITY OF NORTH TONAWANDA to inadequately train, supervise and discipline its police and peace officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The CITY OF NORTH TONAWANDA did not require appropriate in-service training or re-training of officers who were known to have engaged in misconduct, according to Gary P. Lewis, NTPD Senior Clerk, and Captain Karen M. Smith, who both confirmed that the CITY OF NORTH TONAWANDA Police Department has no internal affairs or disciplinary division. Both stated that Defendant North Tonawanda Chief of Police Roger ZGOLAK, ""likes to handle these types of complaints "personally.""

104.   As newly appointed Chief, Tom KRANTZ has shown no willingness to improve these unlawful and woefully inadequate policies, and is hereby sued for same.

105.   As a result of the above described policies and customs, police officers of the CITY OF NORTH TONAWANDA, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

106.   The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the CITY OF NORTH TONAWANDA to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiffs' rights alleged herein.

## FIFTH CLAIM: ASSAULT AND BATTERY

### COMMON LAW CLAIM

107.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

108.    By the conduct and actions described above, North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of Defendants North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

109.    Defendants OTABACHIAN AND LONCAR 's acts constituted an assault upon Plaintiff in that BURKHART intentionally attempted to injure Plaintiff or commit a battery upon him, and further that North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer

Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, 's acts represented a grievous affront to Plaintiff.

110.   Defendants BURKHART 's acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

111.   The actions of Defendants North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, were intentional, reckless, and unwarranted, and without any just cause or provocation, and these Defendants knew, or should have known, that their actions were without the consent of Plaintiff.

112.   The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

113.   As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

<u>SIXTH CLAIM: FALSE ARREST AND IMPRISONMENT</u>

<u>COMMON LAW CLAIM</u>

114.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

115.   By their actions, and while purporting to act according to the law, without any probable cause or reasonable basis to do so, Defendants specifically described above committed the tort of false arrest at around on or about January 26, 2017, May 12, 2018,  and May 7, 2019, by detaining and intentionally restraining the Plaintiff's freedom of movement without his consent.

116.   While intentionally restraining the Plaintiff's freedom of movement without his consent Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER took the Plaintiff by force to the Police Department station located in North Tonawanda City Hall where their commanding officer, Defendant IWANICKI without probable cause or any reasonable basis to do so and without the Plaintiff's consent,  joined them to continue the false arrest and also the false imprisonment of the Plaintiff.

117.   Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER intentionally confined Plaintiff in a vehicle and in the jail at North Tonawanda City Hall without consent.

118.   Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI knew, or should have known, that they had no lawful authority to detain or arrest Plaintiff as the acts complained of constituted no crime.

119.   Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI confined Plaintiff unlawfully in the North Tonawanda City Jail located in City Hall.

120.   Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI's conduct constituted both false arrest and false imprisonment of Plaintiff.

COMPLAINT

121.    By the conduct and actions described above, Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI inflicted the tort of false imprisonment upon Plaintiff. The acts and conduct of Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

122.    Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI 's acts constituted a false imprisonment upon Plaintiff in that BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI confined Plaintiff against his will, without his consent, and without lawful privilege.

123.    Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI 's acts constituted a false imprisonment upon Plaintiff in that the above described actions were intentional, unauthorized, and secured by force, threat of bodily harm, and assertion of arrest under colorable legal authority.

124.    The actions of Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants BURKHART, SWICK, BENJAMIN, AND BOLSLOVER and IWANICKI knew, or should have known, that their actions were without the consent of Plaintiff or privilege of law.

125.    The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

126.   As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## SEVENTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COMMON LAW CLAIM

127.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

128.   Defendants The City of North Tonawanda, New York, The City of North Tonawanda Police Department, The County of Erie, New York, The Erie County District Attorney's Office,  North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, Erie County District Attorney John J. Flynn, Erie County Assistant District Attorney Brian P. McNamara's conduct, as described herein, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeded all reasonable bounds of decency.

129.   Defendants The City of North Tonawanda, New York, The City of North Tonawanda Police Department, The County of Erie, New York, The Erie County District Attorney's Office,  North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz,

North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, Erie County District Attorney John J. Flynn, Erie County Assistant District Attorney Brian P. McNamara's conduct, described above, was intended to and did cause severe emotional distress to Plaintiff.

130.   The conduct of Defendants The City of North Tonawanda, New York, The City of North Tonawanda Police Department, The County of Erie, New York, The Erie County District Attorney's Office,  North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, Erie County District Attorney John J. Flynn, Erie County Assistant District Attorney Brian P. McNamara was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

131.   As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering and was otherwise damaged and injured.

## EIGHTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### COMMON LAW CLAIM

132.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

133.   Defendants The City of North Tonawanda, New York, The City of North Tonawanda Police Department, The County of Erie, New York, The Erie County District Attorney's Office,  North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, Erie County District Attorney John J. Flynn, Erie County Assistant District Attorney Brian P. McNamara conduct, in causing assault and battery of the Plaintiff, was careless and negligent as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff.

134.   The acts and conduct of Defendant The City of North Tonawanda, New York, The City of North Tonawanda Police Department, The County of Erie, New York, The Erie County District Attorney's Office,  North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, Erie County District Attorney John J. Flynn, Erie County Assistant District Attorney Brian P. McNamara was the direct and proximate cause of injury and damage to Plaintiff and violated his statutory an common law rights as guaranteed by the laws and Constitution of the State of New York.

135.   As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering and was otherwise damaged and injured.

COMPLAINT

## NINTH CLAIM: NEGLIGENCE

## COMMON LAW CLAIMS

136.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

137.   Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, while acting as agents and employees for Defendant CITY OF NORTH TONAWANDA, in their capacity as a police officer for the CITY OF NORTH TONAWANDA, owed a duty to Plaintiff to perform their police duties without the use of excessive force. Defendants use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or to others constitutes negligence for which Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki are individually liable.

138.   Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanickiuse of force upon Plaintiff when Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda

36

COMPLAINT

Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanickihad no lawful authority to arrest Plaintiff or to use force against Plaintiff constitutes negligence for which Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanickiare individually liable.

139.     Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, while acting as agents and employees for Defendant CITY OF NORTH TONAWANDA, in their capacity as a police officers for the CITY OF NORTH TONAWANDA, owed a duty to Plaintiff to perform their police duties without the use of false imprisonment. Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki 's use of false imprisonment upon Plaintiff, when Plaintiff was unarmed and did not commit a crime against Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda

COMPLAINT

Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki or to others constitutes negligence for which Defendants The City of North Tonawanda, New York, The City of North Tonawanda Police Department, The County of Erie, New York, The Erie County District Attorney's Office,  North Tonawanda Police Detective Larry Kuebler, Jr., North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki, are individually liable.

140.    Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki's use of force and the threat of bodily harm to imprison Plaintiff when Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki had no lawful authority to arrest Plaintiff or to imprison Plaintiff constitutes negligence for which Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanickiare individually liable.

141.   As a proximate result of Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki's negligent use of excessive force and false imprisonment, Plaintiff sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

## TENTH CLAIM: RESPONDEAT SUPERIOR LIABILITY
## OF THE CITY OF NORTH TONAWANDA FOR STATE LAW VIOLATIONS

### COMMON LAW CLAIM

142.   Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

143.   The conduct of Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki alleged herein occurred while they were on duty and in uniform, in and during the course and scope of his duties and functions as a  City of North Tonawanda police officer, and while they was acting as an agent, officer, servant and employee of Defendant CITY OF NORTH TONAWANDA. As a result, Defendant CITY OF NORTH TONAWANDA is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

144.

ELEVENTH CLAIM: NEGLIGENT SUPERVISION RETENTION AND TRAINING

COMMON LAW CLAIM

145.    Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

146.    Defendant CITY OF NORTH TONAWANDA negligently trained, retained, and supervised Defendants North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanicki. The acts and conduct of Defendant North Tonawanda Police Officer Greg Benjamin, North Tonawanda Police Officer Lee Bolslover, North Tonawanda Police Officer Thomas Krantz, North Tonawanda Police Officer Chris Mamot, North Tonawanda Police Officer Jeffrey Swick, North Tonawanda Police Officer Frank Burkhart, North Tonawanda Police Lieutenant Nick Iwanickiwere the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

147.    As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to great physical and emotional pain and suffering and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants in both their official and private capacities:

  a.  Compensatory damages in the amount of $250,000.00;

  b.  Punitive damages in the amount of 750,000.00;

  c.  The convening and empaneling of a jury to consider the merits of the claims herein;

  d.  Costs and interest and attorney's fees;

  e.  Such other and further relief as this Court may deem just and proper.

Dated: North Tonawanda, New York
   August 6, 2020

JOHN W. KARCZ
357 DANIEL DRIVE
NORTH TONAWANDA,
NEW YORK, 14120

COMPLAINT

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

20   CV 1045

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOHN W KARCZ

**DEFENDANTS**
CITY OF NORTH TONAWANDA AND ERIE COUNTY

**(b)** County of Residence of First Listed Plaintiff   NIAGARA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   NIAGARA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
TED GRANEY, KEN KIRBY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
3 FALSE ARRESTS AND MALICIOUS PROSECUTION UNDER COLOR OF LAW

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $   1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE   VILARDO
DOCKET NUMBER   16- 628

DATE
08/06/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____