UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN W. KARCZ,

                              Plaintiff,                   Civ. No.: 1:20-cv-01045

vs.

THE CITY OF NORTH TONAWANDA,
THOMAS E. KRANTZ, LAWRENCE KUEBLER
GREG BENJAMIN, LEE BOLSLOVER
CHRIS MAMOT, JEFFREY SWICK
FRANK BURKHART, and NICK IWANICKI,

                              Defendants.

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE CITY OF NORTH TONAWANDA DEFENDANTS' MOTION TO DISMISS

**WEBSTER SZANYI LLP**
Attorneys for City Defendants
Charles E. Graney
Kevin G. Cope
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
cgraney@websterszanyi.com
kcope@websterszanyi.com

# **TABLE OF CONTENTS**

Table of Authorities ..................................................................................................ii

Preliminary Statement ..............................................................................................1

Argument..................................................................................................................1

    Point I:   Plaintiff's Motion to Strike is Meritless ...........................................1

    Point II:  Plaintiff's Amended Complaint is Meritless..................................4

        A.  Plaintiff's State Law Claims Are Untimely .................................4

        B.  Plaintiff's Claims are Meritless.....................................................5

            1.  Plaintiff's January 26, 2017 Arrest ...................................5

            2.  Plaintiff's May 12, 2018 Arrest ........................................5

            3.  Plaintiff's February 4, 2019 "Arrest" ................................7

            4.  Plaintiff's Malicious Prosecution Claim is Meritless..........8

            5.  Plaintiff's Deliberate Indifference Claim in Meritless ........8

            6.  Plaintiff's Retaliation Claim is Meritless ...........................9

            7.  Plaintiff's Due Process Claim is Meritless .......................9

            8.  Plaintiff's IIED and NIED Claims are Meritless................9

            9.  Plaintiff's Negligent Supervision Claim is Meritless........10

            10. Plaintiff's *Monell* Claim is Meritless...............................10

        C.  Plaintiff Is Not Entitled To Punitive Damages ...........................10

Conclusion ............................................................................................ 11

# TABLE OF AUTHORITIES

**Case Name**                                                                                                           **Page**

*Betts v. Shearman*,
    2013 WL 311124 (S.D.N.Y. 2013) ................................................................................... 3, 8

*Curley v. Vill. of Suffern*,
    268 F. 3d 65 (2d Cir. 2001) ................................................................................................ 6

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F. 3d 104 (2d Cir. 2010) ............................................................................................. 2

*Eagleston v. Guido*,
    41 F. 3d 865 (2d Cir. 1994) ............................................................................................... 5

*Fox v. City of New York*,
    2019 WL 3003993 (S.D.N.Y. 2019) ................................................................................. 3

*Global Network Comm., Inc. v. City of New York*,
    458 F. 3d 150 (2d Cir. 2006) ............................................................................................. 2

*Hays v. City of New York*,
    2017 WL 782496 (S.D.N.Y. 2017) ................................................................................. 10

*Maldonado v. Town of Greenburgh*,
    460 F. Supp. 3d 382 (S.D.N.Y. 2020) ............................................................................... 8

*Mikulec v. Town of Cheektowaga*,
    909 F. Supp. 2d (W.D.N.Y. 2012) .................................................................................... 7

*Moran v. Livingston*,
    155 F. Supp. 3d 278 (W.D.N.Y. 2016) ............................................................................. 9

*Nieves v. Bartlett*,
    139 S. Ct. 1715 (2019) ...................................................................................................... 9

*Obilo v. City Univ. of City of New York*,
    2003 WL 1809471 (E.D.N.Yl 2003) ................................................................................ 3

*Rivera v. City of Rochester*,
    21 F. Supp. 2d 230 (W.D.N.Y. 1998) ............................................................................ 2, 5

*Singleton v. City of New York,*
    632 F. 2d 185 (2d Cir. 1980) ......................................................................................... 2, 5

*Thompson v. Kline,*
    2020 WL 7064142 (W.D.N.Y. 2020) ................................................................. 6

*U.S. v. Rowland,*
    826 F. 3d 100 (2d Cir. 2016) ............................................................................ 3

*Yancey v. Pacone,*
    2021 WL 859378 (W.D.N.Y. 2021) ................................................................... 5

**Preliminary Statement**

Defendants City of North Tonawanda ("City"), Thomas E. Krantz, Lawrence Kuebler, Greg Benjamin, Lee Bolslover, Chris Mamot, Jeffrey Swick, and Nick Iwanicki (collectively "City Defendants") submit this Reply Memorandum of Law in further support of their Motion to Dismiss Plaintiff's Amended Verified Complaint (Dkt. 33) pursuant to Federal Rule of Civil Procedure 12(b)(6) and in opposition to Plaintiff's Motion to Strike (Dkt. 42).

**Argument**

**Point I:    Plaintiff's Motion to Strike is Meritless.**

Plaintiff's opposition to the City Defendants' Motion to Dismiss is intertwined with a brief, yet meritless, Motion to Strike (Dkt. 42). As an initial matter, Plaintiff has presented _zero_ authority for the Court to strike the requested documents from the record. Indeed, Plaintiff's caselaw does not involve Section 1983 claims, does not deal with police misconduct, nor does it involve documents, quite literally, referenced in the Complaint so as to be relevant to these proceedings. At best, Plaintiff argues, in opposition to the Motion to Dismiss, that the Court cannot consider those documents on the City Defendants' motion. However, Plaintiff's arguments fail.

For example, Officer Burkhart's and Mr. McNamara's Declarations are referenced in order to provide for the admissibility of the documents they attach and are _not_ referenced solely for the purpose of refuting Plaintiff's allegations.

Further, this Court can rely upon the _certified_ transcript of proceedings that are directly at issue in Plaintiff's Complaint. (Dkt. 33, ¶¶ 30-36.) Indeed, Plaintiff affirmatively represents "[o]n November 14, 2017, the Non-criminal allegation of

1

harassment in the 2nd degree … was terminated in Plaintiff's favor." (Dkt. 33, ¶ 36.) However, as the transcript reveals, these proceedings did *not* terminate in Plaintiff's favor, but rather, Plaintiff entered into an adjournment in contemplation of dismissal ("ACD") and *consented* to a one-year order of protection. (Dkt. 28-7, pp. 2-3.) See *Singleton v. City of New York*, 632 F.2d 185, 193-94 (2d Cir. 1980) (adjournment in contemplation of dismissal is not a resolution in the criminal defendant's favor); *Rivera v. City of Rochester*, 21 F. Supp. 2d 230, 234 (W.D.N.Y. 1998) ("[A]djournment in contemplation of dismissal does not constitute a termination in the accused's favor.").

*Global Network Comm., Inc. v. City of New York* is inapplicable. There, the plaintiff did not heavily rely upon the terms and effect of the contested documents in the complaint as Plaintiff does here. 458 F.3d 150, 156 (2d Cir. 2006). Further, in *Global Network*, the contested document was not a "legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason – usually because the document, read in its entirety, would undermine the legitimacy of plaintiff's claim – was not attached to the complaint." *Id.* The *certified* transcript is heavily relied upon in the Complaint (i.e., it relates to whether or not the 2017 prosecution resolved in Plaintiff's favor) *and* directly undermines the legitimacy of Plaintiff's Complaint. As a result, it should not be stricken. *Difolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily on its terms and effect, thereby rendering the document integral to the complaint.").

With respect to the Order of Protection, Plaintiff actively mischaracterizes his own Complaint. Paragraph 76 does not refute the existence of the Order of

2

Protection, but merely alleges the prosecution did not have a copy of the Order of Protection. And Plaintiff's contentions regarding hearsay and admissibility are meritless. First, the Order of Protection is properly authenticated through the Mr. McNamara's affidavit, which avers he was provided with a copy of the Order of Protection as part of his file for Plaintiff's prosecution. (Dkt. 28, ¶¶ 17, 20.)  Second, the Order of Protection is being supplied to the Court to establish its <u>existence</u> and as such, is not being submitted to the Court for the truth of the matter asserted. As a result, it does not constitute hearsay. *See U.S. v. Rowland*, 826 F.3d 100, 114 (2d Cir. 2016). Finally, <u>*Plaintiff references and relies upon the Order of Protection in his Complaint*</u> by alleging it was the basis for his arrest (*see* dkt. 33, ¶ 40) and, as such, the Order of Protection has been incorporated into his Complaint for purposes of the City Defendants' Motion to Dismiss. Accordingly, the Court may properly consider the Order of Protection on the City Defendants' Motion to Dismiss.

With respect to Officer Burkhart's body camera video, Plaintiff fails to provide any basis to exclude documentary evidence of Plaintiff's arrest on May 12, 2018, which is, in large part, at the center of Plaintiff's Complaint. And finally, along with the Order of Protection, the Kuebler supporting deposition is *the* basis for Plaintiff's May 12, 2018 false arrest claim, causing Plaintiff's Complaint to rely heavily on its effect. *See Difolco, supra*. In addition, the Kuebler supporting deposition, which is part of the incident report, is considered integral to the Complaint inasmuch as it relates to the arrest. *See Fox v. City of New York*, 2019 WL 3003993, at *4 (S.D.N.Y. 2019); *Betts v. Shearman*, 2013 WL 311124, at *3 (S.D.N.Y. 2013); *Obilo v. City Univ. of City of New York*, 2003 WL 1809471, at *5 (E.D.N.Y. 2003) ("There is a strong argument that the

3

contents of the incident report … can properly be considered as integral to plaintiff's complaint.").

As a result, Plaintiff has failed to demonstrate the impropriety of any of the evidence the City Defendants have put before the Court and, as a result, Plaintiff's Motion to Strike should be denied in its entirety.

**Point II:    Plaintiff's Amended Complaint is Meritless.**

**A.    Plaintiff's State Law Claims Are Untimely.**

Even accepting Plaintiff's contention that a one year and ninety day statute of limitation applies to Plaintiff's state law claims, such claims *remain* untimely. Plaintiff's false arrest (First Claim), false imprisonment (Second Claim), Assault and Battery (Fifth Claim), Intentional Infliction of Emotional Distress ("IIED") (Eleventh Claim), negligent infliction of emotional distress ("NIED") (Twelfth Claim), negligence (Thirteenth Claim), and negligent hiring, supervision, retention, and training (Fourteenth Claim) all relate to claims accruing by May 12, 2018 or, at the latest, May 17, 2018. Accordingly, Plaintiff was required to bring the instant action, by August 15, 2019 at the latest. Therefore, Plaintiff's Complaint, dated August 7, 2020, is untimely as to Plaintiff's state law claims.

Respectfully, Plaintiff's ridiculous attempt to invoke the doctrine of equitable estoppel is meritless. The City Defendants <u>have not moved based upon noncompliance with General Municipal Law Sections 50-e and 50-i</u> and any discussion related to Plaintiff's notice of claim (as opposed to the statute of limitations) is irrelevant. Further, Plaintiff's attempt to defame defense counsel through allegations of impropriety is a fiction based *entirely* on hearsay. In reality, Plaintiff's irrelevant and unsupportable affidavit has no relevance to the City Defendants' motion.

4

Finally, Plaintiff has only alleged Chief Krantz had personal involvement in his malicious prosecution claim. As a result, the only remaining state law claim that may proceed is Plaintiff's malicious prosecution claim against Chief Krantz. However, as noted below, this claim, like the others, is meritless and should be dismissed.

### B.  Plaintiff's Claims Are Meritless.

#### 1.  Plaintiff's January 26, 2017 Arrest

Plaintiff's allegations with respect to his January 26, 2017 arrest are entirely meritless. Initially, Plaintiff's Complaint is untimely inasmuch as it was not filed by January 26, 2020. *See Yancey v. Pacone*, 2021 WL 859378, at *2 (W.D.N.Y. 2021) (*citing Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994)). Plaintiff has provided no authority or argument this claim is timely and, as a result, any allegations relating to the January 26, 2017 arrest must be dismissed. To the extent Plaintiff contends he can maintain a malicious prosecution claim relating to this arrest, such allegations are similarly meritless as the transcript of court proceedings from November 14, 2017 conclusively prove Plaintiff agreed to an ACD, which is not a resolution in Plaintiff's favor so as to maintain a malicious prosecution claim. *See Singleton*, 632 F.2d at 193-94; *Rivera*, 21 F. Supp. 2d at 234. Plaintiff has provided no legal basis to maintain any cause of action relating to Plaintiff's January 26, 2017 arrest and such allegations must be dismissed.

#### 2.  Plaintiff's May 12, 2018 Arrest.

Curiously, Plaintiff appears to conflate the authority to arrest with the proof necessary to convict a defendant at trial in opposing the City Defendants' motion. Plaintiff primarily contends the City Defendants "have provided no conclusive proof that

5

the order of protection … was ever properly executed and entered so as to give it actual legal effect." (Dkt. 42-4, p. 13.)  Plaintiff presents no authority for this proposition, nor can he.

New York Criminal Procedure Law § 530.13(6) (entitled "Protection of victims of crimes, other than family offenses") provides, in pertinent part: "[t]he presentation of a _copy_ of such order or warrant to any police office … _shall constitute authority for him or her to arrest a person who has violated the terms of such order_ and bring such person before the court." (Emphasis added).  Here, the City Defendants (through Mr. McNamara's Affidavit) have presented the Court with a copy of the Order of Protection (Dkt. 28-8) as well as proof that _Plaintiff consented to entry of the Order of Protection_ (Dkt. 28-7).  Plaintiff _cannot_ truly contest the Order of Protection actually exists nor does he contest that Detective Kuebler's supporting deposition substantiates a violation of the Order of Protection.

Indeed, Plaintiff solely contends the arresting officers "should have investigated Defendant Kuebler's claims before arresting" Plaintiff.  (Dkt. 42-2, p. 14.)[1]  However, the arresting officers _did_ investigate Detective Kuebler's claims before arresting Plaintiff.  (Dkt. 8-3.)  In any event, "[w]hen information is received from a putative victim or an eyewitness, _probable cause exists_, unless the circumstances raise doubts as to the person's veracity."  Thompson v. Kline, 2020 WL 7064142, at *3 (W.D.N.Y. 2020) (_citing Curley v. Vill. of Suffern_, 268 F.3d 65, 70 (2d Cir. 2001)) (emphasis added).

---

[1] Curiously, Plaintiff cites to the very body cam footage he seeks to exclude in opposition to the City Defendants' motion to dismiss.

Here, no circumstances raised any doubts as to Detective Kuebler's veracity as a matter of law. Detective Kuebler was a member of the City Police Department and signed a supporting deposition under oath at the time of Plaintiff's arrest. (Dkt. 8-2.) Plaintiff's simple denials of the contents of the supporting deposition do not defeat probable cause. *See Mikulec v. Town of Cheektowaga*, 909 F. Supp. 2d 214, 225 (W.D.N.Y. 2012) ("Aside from a predictable denial from Mikulec, there was no reason to question the waitress's veracity. The officers therefore had probable cause to make the arrest.").

Plaintiff ultimately fails to substantiate how Plaintiff had a "contentious history" with Detective Kuebler or how it affects the veracity of a supporting deposition signed under oath. Indeed, none of Plaintiff's cases involve a situation in which the complaining victim signed a supporting deposition under oath, nor do they involve a situation where the police questioned the perpetrator regarding the incident. As a result, the existence of the Order of Protection as well as the supporting deposition, signed under oath, provided the City Defendants with probable cause to arrest Plaintiff on May 12, 2018. Therefore, Plaintiff's allegations relating to his arrest on May 12, 2018 must be dismissed.

### 3. Plaintiff's February 4, 2019 "Arrest".

Plaintiff's reference to a February 4, 2019 "arrest" is confusing and inaccurate. Plaintiff alleges new charges were filed against him on February 4, 2019, not that he was arrested on that date. (Dkt. 33, ¶ 72.) Plaintiff's spurious misreading of his own complaint should be rejected.

### 4. Plaintiff's Malicious Prosecution Claim is Meritless.

Plaintiff's sole defense of his malicious prosecution claim relating to his May 12, 2018 arrest is that the City Defendants did not have probable cause to arrest him in the first instance.  (Dkt. 42-4, pp. 16-17.)  However, the City Defendants have produced a copy of the Order of Protection as well as Detective Kuebler's supporting deposition providing probable cause for the arrest as noted above.  As Plaintiff recognizes, for a malicious prosecution claim to proceed where there is probable cause to arrest, information must be learned during the prosecution <u>establishing</u> the plaintiff's innocence.  (*Id.*, a 17 (*citing Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014)).)  However, Plaintiff fails to state what information the prosecution and/or the City Defendants may have learned that established Plaintiff's innocence.  Indeed, no such evidence exists.  Mr. McNamara firmly states Plaintiff's prosecution was dismissed because he was unable to obtain a certified copy of the Order of Protection, <u>not</u> that Plaintiff had established his innocence.  (Dkt. 28, ¶¶ 23-24.)  As a result, Plaintiff has not presented any evidence or allegations that could support his malicious prosecution claim and that claim should be dismissed.

### 5. Plaintiff's Deliberate Indifference Claim is Meritless.

Plaintiff fails to recognize, let alone establish, the necessary elements he must plead and prove in order to maintain a viable deliberate indifference claim.  All Plaintiff contends in opposition is that "he notified Defendants of his injuries and the subjective pain caused to him."  (Dkt. 42-4, p. 18.)  Such allegations fail to meet even the first element of a deliberate indifference claim, i.e., "that the deprivation of medical care … [was] sufficiently serious."  *Maldonado v. Town of Greenburgh*, 460 F. Supp. 3d

8

382, 395 (S.D.N.Y. 2020). Indeed, pain alone is insufficient to support such a claim. *Moran v. Livingston*, 155 F. Supp. 3d 278, 287 (W.D.N.Y. 2016). As a result, Plaintiff's deliberate indifference claim must be dismissed.

### 6. Plaintiff's Retaliation Claim is Meritless.

Plaintiff cannot overcome the initial burden of pleading and proving the absence of probable cause for his arrest so as to support a retaliation claim as noted above. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019). As a result, Plaintiff's retaliation claim must be dismissed.

### 7. Plaintiff's Due Process Claim is Meritless.

Plaintiff's due process claim fails inasmuch as Plaintiff fails to contend the City Defendants published the allegedly false statement – i.e., Plaintiff fails to allege the City Defendants actually caused his alleged harm. Further, Plaintiff fails to consider what his own claim alleges – Plaintiff alleges his *private* employment was terminated as a result of the publication of his arrest, not that his property or *government* employment was taken. (Dkt. 33, ¶¶ 162-163.) As such, Plaintiff cannot maintain a due process claim for deprivation of *private* employment. Further, Plaintiff *has not* alleged a substantive due process claim, but merely mentions the term "substantive rights."

### 8. Plaintiff's IIED and NIED Claims are Meritless.

Plaintiff fails to establish how his IIED and NIED claims are separable from his false arrest claims, false imprisonment claims, and malicious prosecution claims. Indeed, Plaintiff's IIED and NIED claims are inextricably interwoven with his other claims.

As a result, Plaintiff's IIED and NIED claims must be dismissed. *See Hays v. City of New York*, 2017 WL 782496, at *5 (S.D.N.Y. 2017).[2]

### 9. Plaintiff's Negligent Supervision Claim is Meritless.

The City Defendants do not contest Plaintiff is allowed to advance inconsistent theories of liability. Here, however, Plaintiff *solely* alleges the City Defendants' conduct was in the scope of their official duties. (*See, e.g.*, Dkt. 33, ¶ 212.) Plaintiff does not dispute this and has failed to actually allege the City Defendants' conduct was anything other than in the scope of their official duties. As such, Plaintiff's Fourteenth Cause of Action must be dismissed.

### 10. Plaintiff's *Monell* Claim is Meritless.

Plaintiff's conclusory contentions as to the propriety of his *Monell* claim fall well short of establishing the viability of this claim. Plaintiff seems to hang his hat on a single, out of context, statement in the City Defendants' moving papers. However, Plaintiff has not established *any* allegations, let alone sufficient allegations, so as to support a *Monell* claim against the City. As a result, Plaintiff's *Monell* claims should be dismissed.

### C. Plaintiff Is Not Entitled To Punitive Damages.

As noted above, Plaintiff *solely* alleges the City Defendants' conduct was within the scope of their official duties – i.e., if successful, the City would be required to indemnify such claims. As a result, Plaintiff is not entitled to punitive damages.

---

[2] Plaintiff's incredulous contention that by responding to Plaintiff's home on multiple occasions, a special duty was formed must be rejected outright.

**Conclusion**

For these reasons, and for those reasons stated in the City Defendants' initial moving papers, this Court should grant the City Defendants' Motion to Dismiss Plaintiff's Amended Complaint in its entirety, along with such other and further relief the Court deems necessary.

Dated:      April 23, 2021

                                                    **WEBSTER SZANYI LLP**
                                                    Attorneys for City Defendants

                                                    By   *s/ Kevin G. Cope*
                                                               Charles E. Graney
                                                               Kevin G. Cope
                                                    1400 Liberty Building
                                                    Buffalo, New York 14202
                                                    (716) 842-2800
                                                    cgraney@websterszanyi.com
                                                    kcope@websterszanyi.com

TO:   **Rupp Baase Pfalzgraf Cunningham LLC**
        R. Anthony Rupp III, Esq.
        Chad A. Davenport, Esq.
         *Attorneys for Plaintiff*
        1600 Liberty Building
        Buffalo, New York 14202
        (716) 854-3400
        rupp@ruppbaase.com
        davenport@ruppbaase.com