UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN W. KARCZ,

        Plaintiff,

   v.                                             20-CV-1045-LJV-HKS
                                                    DECISION & ORDER
THE CITY OF NORTH TONAWANDA,
NEW YORK; *et al.*,

        Defendants.
_____

On August 7, 2020, the *pro se* plaintiff, John W. Karcz, commenced this action under 42 U.S.C. § 1983 and New York State law, Docket Item 1, and on December 11, 2020, Karcz filed an amended complaint, Docket Item 33.  On January 21, 2021, the defendants moved to dismiss Karcz's amended complaint.[1]  Docket Item 40.  On March 12, 2021, Karcz responded to the motion to dismiss and cross-moved to strike portions of the defendants' motion.  Docket Item 42.  On April 23, 2021, the defendants replied in further support of the motion to dismiss and opposed the cross-motion to strike.  Docket Item 46.  In the meantime, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 9.

---

[1] Karcz originally named the City of North Tonawanda; the City of North Tonawanda Police Department; the County of Erie; the Erie County District Attorney's Office; Larry Kuebler, Jr.; Greg Benjamin; Lee Bolslover; Thomas Krantz; Chris Mamot; Jeffrey Swick; Frank Burkhart; Nick Iwanicki; John J. Flynn; and Brian P. McNamara as defendants in this case.  Docket Item 1.  On January 7, 2021, Karcz voluntarily dismissed his claims against the County of Erie, the Erie County District Attorney's Office, Flynn, and McNamara.  Docket Items 36, 37.

On March 7, 2023, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the defendants' motion to dismiss and Karcz's motion to strike both should be granted in part. Docket Item 48. More specifically, Judge Schroeder recommended denying the defendants' motion to dismiss Karcz's excessive force, deliberate indifference, and failure to intervene claims, as well as his demand for punitive damages, against Benjamin, Burkhart, Mamot, and Swick in their individual capacities. *Id.* But Judge Schroeder recommended dismissing Karcz's remaining claims. *Id.* Judge Schroeder also recommended granting Karcz's motion to strike in part. *Id.* The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant the defendants' motion to dismiss in part and to grant the plaintiff's motion to strike in part.

For the reasons stated above and in the R&R, the plaintiff's motion to strike, Docket Item 42, is GRANTED in part as recommended in the R&R.  Likewise, for the reasons stated above and in the R&R, the defendants' motion to dismiss, Docket Item 40, is GRANTED in part and DENIED in part.  Karcz's excessive force, deliberate indifference, and failure to intervene claims against Benjamin, Burkhart, Mamot, and Swick may proceed, as may his demand for punitive damages against those defendants in their individual capacities, but his remaining claims are dismissed.  The Clerk of the Court shall terminate the City of North Tonawanda, the City of North Tonawanda Police Department, Kuebler, Bolslover, Krantz, and Iwanicki as defendants to this case.  The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of November 24, 2020, Docket Item 9.

SO ORDERED.

Dated: March 31, 2023
Buffalo, New York

  /s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

3