UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN W. KARCZ

                              **Plaintiff**

                         -v-                                                          **20-CV-1045V(Sr)**

**THE CITY OF NORTH TONAWANDA,**
**et. al.,**

                              **Defendants.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #9.

Currently before the Court is defendants' motion for a conditional order of dismissal (Dkt. #62), and motion to compel initial disclosures. Dkt. #66. For the following reasons, the motions are granted.

## RELEVANT FACTUAL BACKGROUND

By Order entered March 7, 2023, the Court granted a motion by Rupp Pfalzgraf LLC, to withdraw as counsel for plaintiff and directed plaintiff to retain new counsel or advise the Court that he is proceeding without counsel. Dkt. #49. By letter dated March 10, 2023, plaintiff advised the Court that he would proceed *pro se.* Dkt. #51.

On May 2, 2023, the Court held an Initial Pretrial Conference with plaintiff and defense counsel and issued a Case Management Order which directed the parties to, *inter alia*, comply with the mandatory requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than June 9, 2023. Dkt. #59.

By letter dated June 22, 2023, defense counsel provided plaintiff with the text of Rule 26(a) and requested that plaintiff provide his initial disclosures. Dkt. #66-2.

On July 18, 2023, defense counsel provided plaintiff with a second letter including the text of Rule 26(a) and warning plaintiff that defendants would request dismissal of his complaint if his initial disclosures were not forthcoming. Dkt. #66-3.

On July 20, 2023, defendants filed a motion for a conditional order of dismissal. Dkt. #62. In support of the motion, defense counsel submits transcripts from prior state court proceedings and plaintiff's examination pursuant to New York General Municipal Law § 50-h ("50-h hearing"), demonstrating inappropriate, abusive and threatening behavior by plaintiff toward state court personnel, defendants and defense counsel. Dkt. #62-1, ¶¶ 3-7. On September 14, 2022, for example, defendant directed the following outburst toward the prosecutor in his criminal case:

> Fuck you, you lying little cunt . . . Fuck you, you piece of shit . . . Fucking liar . . . .Fuck these people. This is garbage. This is absolute fucking garbage. I have been fucked out of two - two $100,000 jobs in the last month because of this lying fucking piece of shit, fucking vengeful little whore that lost her last case. Fucking mother fucking charges were thrown out because she's a fucking liar and she came back with this bullshit . . . knowing that she already lost.

Dkt. #62-1, pp.12-13. The Hon. William J. Watson, Lockport City Court, noted that "[v]irtually every time that you have been in this courtroom you have an outburst like this that disrupts the proceeding" and determined that defendant had been given sufficient prior warning without effect, resulting in a finding of contempt and imposition of a sentence of two days in jail. Dkt. #62-1, pp.14-17. Subsequently, at his 50-h hearing on January 23, 2023, when asked where he was employed, plaintiff declined to answer given his belief that defendants have interfered with his employment, telling defense counsel to "Fuck off," adding, "[b]efore you people find out where I'm working you can go fuck yourself." Dkt. #62-1, pp. 66-67. Plaintiff continued:

> It's none of his fucking business, because he's a lying bitch, and he's gonna disclose it anyway. Fuck you, and fuck your client.

Dkt. #62-1, p.67. Plaintiff's counsel reminded plaintiff that they had discussed the fact that plaintiff would not be able to maintain a lawsuit if he was unable to make it through the deposition. Dkt. #62-1, pp.68-69. Plaintiff responded:

> If he continues to ask where I work I'm going to beat his ass.

Dkt. #62-1, p.69. When defense counsel objected that he would not continue to be sworn at and threatened by plaintiff, plaintiff called defense counsel a "piece of shit," at which point the 50-h hearing was terminated. Dkt. #62-1, p.69.

By Text Order entered July 25, 2023 and mailed to plaintiff the next day, plaintiff was directed to respond to the motion for conditional dismissal. Dkt. #64. Plaintiff has not responded.

On August 1, 2023, defense counsel sent plaintiff an email indicating that he had attempted to call plaintiff regarding his initial disclosures, but plaintiff's voicemail was full. Dkt. #66-4.

On September 13, 2023, defense counsel sent plaintiff an email indicating that he had left plaintiff a voicemail regarding the outstanding initial disclosures and service of subpoenas. Dkt. #66-5.

On September 20, 2023, defendants filed a motion to compel initial disclosures pursuant to Rule 26(a). Dkt. #66.

## DISCUSSION AND ANALYSIS

Defendants seek a conditional order dismissing plaintiff's amended complaint with prejudice in the event that plaintiff engages in further inappropriate behavior, including: ridiculing opposing counsel or defendants; using violent or profane language or gestures; and refusing to answer questions without a good faith legal basis Dkt. #62-1, ¶ 9. Defendants also seek a warning that plaintiff's complaint may be dismissed for failure to comply with his obligation to produce initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. Dkt. #62-2, p.17.

Rule 16(f)(1)(C) of the Federal Rules of Civil Procedures provides that the Court may issue any just order, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or the party's attorney fails to obey a scheduling or other pretrial order. Rule

37(b)(2)(A)(iv) provides that if a party fails to obey an order to provide or permit discovery, the Court may dismiss the action or proceeding. Thus, all litigants have an obligation to comply with court orders and the failure to do so may include dismissal of the lawsuit. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *See Houghtaling v. Eaton*, 14-CV-6416, 2022 WL 167538, at *5 (W.D.N.Y. Jan. 18, 2022) (emphasizing that *pro se* litigants "are not immune to dismissal as a sanction for noncompliance with discovery orders."), *aff'd*, 2023 WL 113840 (Jan. 5, 2023). To determine whether dismissal is an appropriate sanction, a court should consider: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance. *Buckingham v. Lewis General Tires, Inc.*, 809 Fed. App'x 34, 35 (2020), *quoting Agiwal* 555 F.3d at 302.

       Dismissal may also be granted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a defendant may move to dismiss the action or any claim against it if the plaintiff fails to prosecute or comply with the rules or a court order. In assessing whether dismissal is appropriate under Rule 41(b), a court considers: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether plaintiff was given notice that failure to comply or further delay would result in dismissal; (3) whether defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion balanced against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *U.S.*

*ex rel. Drake v. Norden Systems, Inc.,* 375 F.3d 248, 254 (2d Cir. 2004). There is substantial overlap of the factors and little distinction whether the dismissal is technically made under Rule 37(b)(2)(A) or Rule 41(b). *Peters-Turnbull v. Board of Educ. of City of N.Y.*, 7 Fed App'x 107, 110 (2d Cir. 2001).

Upon consideration of these standards, plaintiff is hereby forewarned that this Court will recommend dismissal of plaintiff's complaint for failure to comply with the Court's Case Management Order, failure to comply with this Order, and failure to prosecute if he fails to provide defense counsel with initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure by **November 3, 2023.** The Court's Case Management Order initially directed plaintiff to provide these disclosures by June 9, 2023 and defense counsel subsequently reminded him of his outstanding obligations on multiple occasions and through a variety of mediums, *e.g.*, letter, email and voicemail. Plaintiff did not request an extension of time to comply with the Case Management Order and has failed to respond to defense counsel's reminders to do so. Until plaintiff provides his initial disclosures, discovery is at a standstill. Having chosen to proceed *pro se*, it is plaintiff's obligation to press forward with his claims.[1]

The deadline for completion of fact depositions is extended to **November 30, 2023.** Plaintiff is forewarned that this Court will not countenance any threats,

---

[1] Plaintiff is advised that the Pro Se Assistance Program is currently providing remote legal assistance to individuals representing themselves in civil actions in federal court and can be reached by telephone at (716) 847-0662, extension 340.

profanity or other abusive or impolite behavior directed at defendants, defense counsel, administrative support staff, court reporters or court employees. This Court will not hesitate to recommend dismissal of plaintiff's complaint should plaintiff fail to comport himself in a respectful manner, not only at his deposition, but in all proceedings relating to the prosecution of his legal claims[2] before this Court. *Pro se* litigants are "not entitled to any latitude when it comes to threatening and inappropriate conduct." *Leibovitz v. City of N.Y.*, 15 Civ. 546, 2019 WL 4307305, at *4 (S.D.N.Y. Aug. 27, 2019), *R&R adopted by* 2019 WL 4303343 (Sept. 11, 2019); *See Harry v. Lagomarsine,* 18-CV-1822, 2019 WL 1177718, at *3 (E.D.N.Y. March 13, 2019) ("The fact that one appears *pro se* is not a license to abuse the process of the Court and to use it without restraint as a weapon of harassment and libelous bombardment."), *quoting Kane v. City of N.Y.,* 468 F. Supp. 586, 592 (S.D.N.Y. 1979)*.*

**SO ORDERED.**

DATED:     Buffalo, New York
           October 17, 2023

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**

---

[2] The Court notes that this admonition applies equally to the two additional actions plaintiff has commenced against the City of North Tonawanda: 16-CV-628 and 20-CV-9.